# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CACTUS GRILL, INC.; NORTHSTAR RESTAURANTS, INC.; JOSE PEPPER'S 143rd, LLC; JOSE PEPPER'S MIDLAND, LLC; JOSE PEPPER'S P.V., LLC, f/k/a CACTUS GRILL P.V., LLC; EJG, LLC; JOSE PEPPER'S TOPEKA, LLC; JOSE PEPPER'S WICHITA, LLC; JOSE PEPPER'S GRILL, INC.; JOSE PEPPER'S, INC.; JOSE PEPPER'S 3, LLC; JOSE PEPPER'S BELTON, LLC; JOSE PEPPER'S LEE'S SUMMIT, LLC; JOSE PEPPER'S LIBERTY, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.
2:10-cv-02290-EFM-DWB

**AMENDED COMPLAINT**

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Amanda Heschmeyer, who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, Defendants Cactus Grill, Inc.; Northstar, Restaurants, Inc.; Jose Pepper's 143rd, LLC; Jose Pepper's Midland, LLC; Jose Pepper's P.V., LLC, f/k/a Cactus Grill P.V., LLC; EJG, LLC; Jose Pepper's Topeka, LLC; Jose Pepper's Wichita, LLC; Jose Pepper's Grill, Inc.; Jose Pepper's, Inc.; Jose Pepper's 3, LLC; Jose Pepper's Belton, LLC; Jose Pepper's Lee's Summit, LLC; and Jose Pepper's Liberty, LLC, engaged in unlawful sexual harassment of Ms. Heschmeyer and constructively discharged her.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Kansas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Cactus Grill, Inc.; Northstar, Restaurants, Inc.; Jose Pepper's 143rd, LLC; Jose Pepper's Midland, LLC; Jose Pepper's P.V., LLC, f/k/a Cactus Grill P.V., LLC; EJG, LLC; Jose Pepper's Topeka, LLC; Jose Pepper's Wichita, LLC; Jose Pepper's Grill, Inc.; Jose Pepper's, Inc.; Jose Pepper's 3, LLC; Jose Pepper's Belton, LLC; Jose Pepper's Lee's Summit, LLC; Jose Pepper's Liberty, LLC, ("Employers") have continuously been Kansas or Missouri corporations doing business in the State of Kansas and the Cities of Overland Park and Leawood, functioning as a single and / or joint employer and continuously employing at least 15 employees.

5. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amanda Heschmeyer filed a charge with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2007, Defendant Employers have engaged in the following unlawful employment practices at their Leawood, Kansas, restaurant, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a):

    (a) Defendants subjected Amanda Heschmeyer to a sexually hostile work environment and sexually harassed her, including making unwelcome sexual comments, requests for sexual favors, unwelcome touching and physical sexual advances; and

    (b) Defendants constructively discharged Amanda Heschmeyer by creating an intolerable sexually hostile work environment.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Amanda Heschmeyer of equal employment opportunities and otherwise adversely affect her status as employees because of her sex.

9. The unlawful employment practices complained of in paragraph 7 above were and are intentional.

10. The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Amanda Heschmeyer.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

engaging in sexual harassment or any other employment practice which discriminates on the basis of sex.

  B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Employers to make whole Amanda Heschmeyer, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  G. Order Defendant Employers to make whole Amanda Heschmeyer, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

  H. Order Defendant Employers to make whole Amanda Heschmeyer by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  I. Order Defendant Employers to pay Amanda Heschmeyer punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

<u>PLACE OF TRIAL</u>

The Commission requests Kansas City, Kansas as the place of trial.

          JAMES L. LEE
          Acting General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          BARBARA A. SEELY
          Regional Attorney
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          St. Louis District Office
          1222 Spruce Street, Room 8.100
          St. Louis, Missouri 63103
          (314) 539-7910 (telephone)
          (314) 539-7895 (facsimile)
          email: barbara.seely@eeoc.gov

          <u>/s/ Andrea G. Baran</u>
          ANDREA G. BARAN  MO #46520
          Senior Trial Attorney
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          400 State Avenue, Suite 905
          Kansas City, Kansas 66101
          (913) 551-5848 (telephone)
          (913) 551-6957 (facsimile)
          email:  andrea.baran@eeoc.gov

          ATTORNEYS FOR PLAINTIFF
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION